

JAN 0 9 2019

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ZACHARY G. SHAFFER,<br><br>Petitioner,<br><br>vs.<br><br>DOUGLAS FENDER, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 18-06-BLG-SPW-TJC<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Zachary G. Shaffer's application for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Shaffer is a state prisoner proceeding pro se.

I.  **Procedural History**

In 2013, Shaffer was convicted of felony Assault on a Police Officer following a jury trial in Montana's Twenty-Second Judicial District, Carbon County. (Doc. 1 at 2-3). The charge against Shaffer stemmed from a report made to the Red Lodge Police Department on January 8, 2012, of an adult male trespassing at a local residence. Officer Greg Srock responded to the scene,

1

encountered the adult male, and a physical altercation ensued.[1] Shaffer was subsequently identified by Officer Srock, and was convicted of the assault.

Following sentencing, Shaffer filed a direct appeal, raising a claim of ineffective assistance of trial counsel (IAC) for failure to challenge a purported violation of Shaffer's right to a speedy trial. The Montana Supreme Court determined Shaffer's IAC claim was not appropriate for review on direct appeal; Shaffer's convictions were affirmed. *State v. Shaffer*, 2014 MT 340N, ¶¶ 12-15, 377 Mont. 436, 348 P. 3d 172;[2] *see also* (Doc. 1 at 3, ¶6).

Shaffer then filed a petition for postconviction relief in the trial court. *Id.* at 3, ¶9. Shaffer raised claims of ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and malicious prosecution. The trial court dismissed Shaffer's petition, finding Shaffer failed to provide substantive evidentiary support and advanced only conclusory allegations. Shaffer appealed the denial of his postconviction petition, arguing the trial court erred by denying his petition without appointing Shaffer counsel or scheduling an evidentiary hearing.

---

[1] Following the jury trial, Shaffer also entered a nolo contendere plea to one count of felony Intimidation in a separate criminal matter, Cause No. DC-12-26. That proceeding was referenced in a prior Order of this Court. See, (Doc. 5 at 1-3.)

[2] All state briefs and opinions are available at the Montana Supreme Court Docket: https://supremecourtdocket.mt.gov/search (accessed November 1, 2018).

The Montana Supreme Court determined Shaffer failed to comply with the statutory provisions governing postconviction filings. *Shaffer v. State*, No. DA 15-0397, 2016 MT 39N, ¶5 (Mont. Feb. 16, 2016). Further, Shaffer failed to properly brief his claims on appeal. *Id.* at ¶6. The Court affirmed the dismissal, holding the trial court's findings were not clearly erroneous and its conclusions of law were correct. *Id.* at ¶8.

In August 2016, Shaffer filed a second petition for postconviction relief. In denying the petition, the trial court held the successive petition was not permitted under Montana law; Shaffer appealed the denial. The Montana Supreme Court determined that Shaffer failed to raise any issues in his second petition that either were not raised or could not have been raised in his original petition or on direct appeal. *Shaffer v. State*, No. DA 16-0584, 2017 MT 213N, ¶¶ 6-7 (Mont. Aug. 29, 2017); *see also* (Doc. 1 at 4, ¶10). The Court affirmed the lower court's dismissal of Shaffer's second postconviction petition.

## II. Shaffer's Claims

In his present petition, Shaffer alleges trial counsel provided ineffective assistance by failing to file a motion to dismiss his underlying criminal case based upon purported Speedy Trial and/or *Brady* violations.[3] (Doc. 1 at 4, ¶13(A)(i)).

---

[3] In *Brady*, the Supreme Court held "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment." *Brady v. Maryland*, 373 U.S. 83, 87

3

Shaffer asks this Court to vacate and/or dismiss his Assault on a Peace Officer conviction with prejudice. (Doc. 6 at 8.) Alternatively, Shaffer requests that this Court remand his postconviction petition to the state district court, and direct that an evidentiary hearing be held to address the merits of Shaffer's claims. (Doc. 1 at 7, ¶ 16.)

As explained above, however, the Montana Supreme Court has not considered the merits of this claim. *Id.* at 5, ¶13 (A)(iii)). Because it appears Shaffer's claims are now procedurally defaulted, Shaffer was directed to show cause why his petition should not be dismissed.[4] (Doc. 5.) Shaffer timely responded. (Doc. 6.)

For the reasons set forth herein, Shaffer's petition should be dismissed with prejudice because he has failed to demonstrate grounds to excuse the default of his claim.

### III. Procedural Default

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear the state court would now refuse to consider

---

(1963).

[4] Upon further review, it also appears that Shaffer's petition is untimely under 28 U.S.C. § 2244. But because Shaffer was not provided an opportunity to excuse his late filing, the Court will not recommend dismissal of Shaffer's petition on this basis.

4

the claim because of the state's procedural rules, the claim is deemed to be procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996). Procedural default is based on the "adequate state ground doctrine." The adequate state ground doctrine "applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).

Even if a petitioner's claim is procedurally defaulted, however, a federal district court may still hear the merits of the claim if the petitioner meets one of two exceptions: (1) a showing of actual innocence, which means that a miscarriage of justice will occur if the constitutional claim is not heard in federal court, *Schlup v. Delo*, 513 U.S. 298, 329 (1995); or (2) a showing of adequate legal cause for the default and prejudice arising from the default, *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

### A. Shaffer's Response

Shaffer advances several grounds for excusing his default. First, he appears to allege the district court erred by not granting him leave to amend his postconviction petition, and then improperly dismissed his amended petition without ruling on the merits of his claims. See, ("Show Cause #1," Doc. 6 at 1-2.)

Second, Shaffer argues there were "external factors" responsible for his default. That is, the State and the Red Lodge Police Department disposed of evidence that would have proven Shaffer's innocence. See, ("Show Cause #2," Doc. 6 at 2.) Had this evidence been secured and tested for DNA, Shaffer believes it would have shown he was not the perpetrator of the assault on Officer Srock. *Id.*

Third, Shaffer appears to argue that the evidence introduced at trial was insufficient to establish that he was the perpetrator of the offense. See, ("Show Cause #3," at 2-6.) He also asserts in this regard that trial counsel did an inadequate job of questioning a child witness who provided testimony regarding Shaffer's presence in the area on the evening of the assault. *Id.* at 4-6. Shaffer also argues Officer Srock was removed from his position in Carbon County following a wholly unrelated incident in 2016. Shaffer believes this puts Srock's credibility and integrity into question. *Id.* at 6; see also, (Doc. 6-1 at 18) (portion of news article reporting that Deputy Srock purportedly made factual misrepresentations when obtaining a January 2016 search warrant in Carbon County).

Finally, Shaffer asserts his attorney failed to adequately communicate with him prior to trial. Shaffer asserts that his original trial date of July 16, 2012, was vacated without his knowledge or a waiver of speedy trial.[5] See, ("Show Cause #4,

---

[5] This Court may take judicial notice of proceedings in other courts, including

6

Doc. 6 at 7.) Because of this continuance and a perceived lack of communication, Shaffer's relationship with counsel deteriorated. Ultimately, the deterioration resulted in Shaffer lodging complaints with the Office of Disciplinary Counsel (ODC) and filing a motion with the trial court, in which Shaffer requested the removal of Steven Thuesen[6] as his attorney. *Id.* A hearing was held before the trial court, during which Thuesen agreed with Shaffer that there had been a breakdown in the attorney-client relationship. See, *Id.* at 7-8 (Shaffer's summation of the hearing transcript). According to Shaffer, the trial court declined to appoint new counsel and, instead, gave Shaffer the options of: proceeding pro se, proceeding with stand-by counsel, or proceeding with Thuesen. *Id.* at 8. Shaffer elected to proceed with Thuesen as counsel, but he reiterated his unhappiness with the lack of communication from Thuesen. *Id.*

## B. Fundamental Miscarriage of Justice/Actual Innocence

In *Schlup v. Delo*, 513 U.S. 298, 316 (1995), the U.S. Supreme Court

---

orders and filings in state courts, when directly related to the case at issue. See, *Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011). While a review of the docket for *State v. Z. Shaffer*, Cause No. DC-12-01, does not reveal a motion to continue Shaffer's original trial date, it does indicate that Shaffer was arraigned on an Amended Information on August 12, 2012. Following an omnibus hearing on September 4, 2012, Shaffer's trial was scheduled for January 14, 2013. That is the date on which Shaffer's jury trial was held. The Clerk of Court will be directed to file a copy of the state court docket into the record in this matter.

[6] Apparently, Ronald Thuesen, a relative of Steven Thuesen, acted as co-counsel and assisted during trial. See, (Doc. 6 at 7.)

7

established an "actual innocence" exception to the procedural default doctrine. In the procedural default context, a "claim of innocence…is procedural, rather than substantive," because it allows a petitioner to overcome the default and obtain federal review of his constitutional claims on the merits. *Id.* at 315-16. This type of claim is not itself a constitutional claim, but rather "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id.* at 315. To pass through the *Schlup* gateway, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Although this standard "permits review only in the 'extraordinary' case," it "does not require absolute certainty about the petitioner's guilt or innocence." *House v. Bell*, 547 U.S. 518, 538 (2006). *Schlup* requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee*, 653 F. 3d at 938 (quoting *House*, 547 U.S. at 538). On this complete record, the court makes a "probabilistic determination about what reasonable, properly instructed jurors would do." *Id.*

Except for his first grounds for relief, it appears all the grounds set forth in

Shaffer's response relate to the actual innocence exception. Each will be discussed below.

### 1. Failure to Preserve Evidence

For his second grounds for relief, Shaffer argues that physical evidence in his case was disposed of and is not available for DNA testing. He claims DNA testing would have "conclusively proven [his] innocence." (Doc. 6 at 2.)

First, Shaffer has not established that any physical evidence would have been helpful to his defense. While the evidence may have had exculpatory value, it may also have been inculpatory. It would be purely speculative to conclude this evidence would have been exculpatory, and would lead to the conclusion that no reasonable jury would have convicted him in light of the evidence.[7]

Moreover, this is not "new reliable evidence that was not presented at trial." *Schlup*, 513 U.S. at 324. Both Shaffer and counsel were aware of the failure of investigating officers to preserve certain evidence. Shaffer's counsel questioned

---

[7] Although not part of *Schlup's* actual innocence analysis, the loss or destruction of evidence can constitute a due process violation in certain circumstances. *See Arizona v. Youngblood,* 488 U.S. 51, 55-58 (1988). But "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Id.* at 58. In addition, a defendant must be able to raise at least a colorable claim that the evidence would be favorable and material to his claim of innocence. *U.S. v. Ramos,* 27 F.3d 65, 71 (9th Cir 1994). The mere possibility that lost evidence may be exculpatory is not sufficient. *Id.* Here, Shaffer has not established bad faith, and has, at most, raised only the possibility that the evidence may have been exculpatory.

9

officers about their failure to perform an adequate crime scene investigation and procure and secure physical evidence. See e.g., (Doc. 6 at 4) (Shaffer's summary of Officer Srock's trial testimony admitting he failed to take into evidence the bottle that had been used to strike him; failed to submit the bottle for fingerprint testing; and failed to take photos of the scene or activate his body camera/patrol car camera).

The lack of physical evidence was well known to all the parties, and was, in fact, discussed during trial. While Shaffer may take issue with the manner counsel used the lack of evidence at trial, it is not the type of "new reliable evidence" contemplated under the *Schlup* gateway that would allow this Court to excuse the default and consider the merits of Shaffer's claims.

2. **Sufficiency of Evidence**

For his third grounds for relief, Shaffer outlines the relevant police report of the incident and summarizes certain testimony presented at trial. Shaffer appears to question the sufficiency of the evidence to sustain his conviction. But actual innocence under *Schlup* is not established simply by a review of the evidence presented at trial. It is unlike challenging the constitutionality of a conviction based on insufficient evidence where it must be found that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt" based on "the record of evidence adduced at trial." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *see*

10

*also, House v. Bell*, 547 U.S. 518, 538 (2006) (discussing distinction between the two standards). It is based on new reliable evidence which was not presented at trial which establishes sufficient doubt about guilt.

Moreover, even if Shaffer's arguments regarding the sufficiency of the evidence are considered, they are clearly not sufficient for the Court to conclude that no reasonable juror would have convicted him in light of the evidence. The theory of Shaffer's defense was mistaken identity. See e.g., (Doc. 6 at 5) (Thuesen stated Shaffer's defense rested entirely on a case of mistaken identity); see also (Doc. 6-1 at 6, ¶ 13) ("Mr. Shaffer's defense at trial was wholly based on a case of mistaken identity."). But it appears that Officer Srock had more than adequate opportunity to identify Shaffer in their altercation.

According to the Red Lodge Police Department report, Srock and Shaffer had an exchange during which Srock engaged in conversation with Shaffer, attempted to detain and arrest Shaffer, deployed his taser multiple times at Shaffer, was struck in the face by Shaffer, and then engaged in foot chase after Shaffer. See e.g., (Doc. 6-1 at 9-11.); see also, (Doc. 6 at 3-4.) During the pursuit of Shaffer, Srock briefly stopped a car driven by a man wearing similar clothing to the man who had assaulted him, but he was able to quickly determine that the individual in the vehicle was not Shaffer. (Doc. 6-1 at 11); (Doc. 6 at 3.) Subsequently, Srock identified Shaffer as the assailant, and testified at trial as to

his version of the encounter and the injuries he received.

**Testimony of L.S.**

Under this grounds for relief, Shaffer also criticizes counsel's cross-examination of L.S., the child who testified as to Shaffer's presence in the area of the crime scene on the night in question. This is not new evidence which establishes doubt of Shaffer's guilt. Moreover, while Shaffer may believe defense counsel's examination was inadequate, the Court notes that, according to Shaffer's own summary, counsel was able to establish a misstatement by the witness, and obtained a concession that L.S. did not actually see Shaffer on the night in question. Instead, he believed he may have recognized Shaffer's voice. (Doc. 6 at 5-6.)

But, setting the performance issue aside, this information is not the type or character of evidence contemplated by *Schlup*. It is not newly discovered, nor does it create a likelihood that a reasonable jury would consider this information and make a different determination.

### a. Officer Srock's 2016 Activities

The last item Shaffer mentions under his third grounds for relief is a portion of a news article dated February 2, 2016. (Doc. 6-1 at 18.) Apparently, Srock was both a reserve deputy with the Carbon County Sheriff's Department, and a police officer with the Red Lodge Police Department. The article reveals that Carbon

County Attorney Alex Nixon believed Officer Srock engaged in questionable investigative practices in his capacity as a reserve deputy while obtaining and executing a 2016 search warrant. The article indicates Srock was relieved of his position as a reserve deputy, but it does not reveal whether Srock is still employed as a police officer with the Red Lodge Police Department. Moreover, the article indicates there was a factual dispute between the Carbon County officials and Red Lodge City officials as to what transpired and who was at fault. *Id*. Based upon the record before it, the Court is unaware of the resolution of the matter.

More importantly, while the article reveals that Srock was accused of engaging in questionable investigative tactics in 2016, this information does not call into question the events underlying Shaffer's January 2012 arrest and criminal charges. The two matters are wholly unrelated. Events which occurred four years after Shaffer's conviction do not serve to undermine the confidence in the outcome of his trial.

### 3. Breakdown of Attorney-Client Relationship

Shaffer asserts he was unhappy with the pre-trial representation provided by Thuesen, particularly with the lack of communication. Accordingly, he filed a motion to dismiss based upon counsel's inattentiveness, and lodged complaints with the Office of Disciplinary Counsel. (Doc. 6 at 7.) Shaffer's concerns were the subject of two different status hearings, during which Thuesen also told the

Court he was concerned about further representation given Shaffer's lack of confidence in his abilities. *Id.* at 6-7. Shaffer indicates counsel failed to re-file this motion to dismiss on Shaffer's behalf. But, as Shaffer concedes, during one of the hearings he informed the Court that, given the options available to him, he wished to proceed with Thuesen as counsel. *Id.* at 7.

The Court has verified, by reviewing the district court record, that status conferences were held on November 20, 2012, and December 5, 2012. At the November hearing, Shaffer advised the Court that he wished to proceed with Thuesen as his appointed attorney, and that he wished to withdraw the complaint he filed with the Office of Disciplinary Counsel.[8] At the December hearing, Shaffer apparently renewed his request for new counsel and the request was denied. Shaffer was advised, "[t]he court will not allow the defendant to drag this case out any further and waste the court's time."[9]

Shaffer's claim of difficulty in his relationship with Thuesen is not extraordinary, nor is it newly discovered. Moreover, this information does not, in any way, establish that no reasonable juror would have convicted him in light of

---

[8] See, Court Minute for Status Conference held on Tuesday, November 20, 2012. For purposes of clarity, a copy of this document will be filed into this Court's record.

[9] See, Court Minute for Status Conference held on Wednesday, December 5, 2012. For purposes of clarity, a copy of this document will also be filed into this Court's record.

14

this evidence. This is simply not the type of new evidence that would serve to excuse Shaffer's procedural default.

### 4. Conclusion

Shaffer is unable to show that "in light of all the evidence, it is more likely than not that no reasonable juror would find him guilty beyond a reasonable doubt." *Smith v. Baldwin*, 510 F. 3d 1127, 1140 (citing *Schlup*, 513 U.S. 298). Thus, Shaffer has failed to make an adequate showing to excuse the procedural default under the miscarriage of justice exception.

### C. Cause and Prejudice

Shaffer may also overcome his procedural default if he is able to make "an adequate showing of cause and prejudice" relating to his failure to exhaust his state court remedies. *Strickler v. Green*, 527 U.S. 263, 282 (1999). To make such a showing, Shaffer needs to "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To establish cause for a default, Shaffer must demonstrate that the default is due to an external factor that "cannot fairly be attributed to him." *Id.*, 501 U.S. at 753. The "prejudice" prong is met if Shaffer can show that each error he alleges –was serious enough to undermine confidence in the outcome of the proceeding. *Smith v. Baldwin*, 510 F.3d 1127, 1148 (9th Cir. 2007) (en banc). Shaffer has not made such a showing.

To establish cause for his default, Shaffer asserts that the district court and prosecution conspired in the denial of his postconviction petition and then improperly dismissed his amended petition. (Doc. 6 at 2.) But as set forth above, the Montana Supreme Court determined that Shaffer failed to comply with the applicable procedural statutes and rules in filing his postconviction petition, and that the district court properly dismissed Shaffer's petition. See, *Shaffer v. State*, 2016 MT 39N. To the extent Shaffer would like this Court to find error with the Montana Supreme Court's interpretation and application of its own statutes, this Court is unable to do so.

The Montana Supreme Court is the highest authority on the interpretation of Montana law. See e.g., *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)("Today we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions."). The Montana Supreme Court determination that Shaffer's postconviction filing did not comply with state law is conclusive. Moreover, Shaffer's failure to follow state procedures is not something that "cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753. To the contrary, Shaffer's deficient filings are directly attributable to him. Thus, Shaffer cannot establish adequate cause to excuse the default. Because Shaffer cannot show cause, the Court need not consider whether he suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982); *Cook v. Schriro*, 538 F.

16

3d 1000, 1028 (9th Cir. 2008). Shaffer has failed to establish a legal basis to excuse his procedural default.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

A certificate of appealability should be denied because Shaffer does not make any showing that he was deprived of a constitutional right. Further, because his petition is procedurally defaulted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability

should be denied.

Based upon the foregoing, the Court enters the following:

## ORDER

The Clerk of Court is directed to file the state court docket for Cause No. DC-12-01, as well as the 11/20/12 and 12/05/12 Court Minutes, into this Court's record for purposes of clarity.

## RECOMMENDATION

1. Mr. Shaffer's Petition (Doc. 1) should be DISMISSED with prejudice as procedurally defaulted.

2. The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Shaffer may object to this Findings and Recommendation within 14 days.[10] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[10] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Shaffer is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

<u>Mr. Shaffer must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 9th day of January, 2019.

/s/ *Timothy J. Cavan*
Timothy J. Cavan
United States Magistrate Judge